# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:96CR00047 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| GUY CARMICHAEL ) | |
| CRENSHAW, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. | |

On August 1, 1997, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On May 21, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and three counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841. The Presentence Investigation Report---whose findings and conclusions this court adopted---found that the defendant was responsible for more than 6.5 kilograms of crack cocaine. Under the amended guidelines, this corresponds with a base offense level of 38. After accounting for the two-level increase for the defendant's role in the conspiracy, his Total Offense Level is 40. With a Criminal History Category of I, the amended guidelines recommend a sentence of 292 to 365 months of incarceration, the same as at the original sentencing. Because the recommended guideline range has not changed, this court lacks the authority to reduce the defendant's sentence. *See* U.S.S.G. § 1B1.10(a)(2)(B) (Supp. effective Mar. 3, 2008).

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 108) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement, to defense counsel of record, and to the United States Attorney's Office.

ENTER: May 29, 2008

/S/ JAMES P. JONES
Chief United States District Judge