# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 3:96CR00047-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GUY CARMICHAEL CRENSHAW,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Guy Carmichael Crenshaw, Pro Se.*

The defendant was sentenced by this court on August 1, 1997, to a total of 300 months imprisonment. On November 9, 2011, pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000), his sentence was reduced to 241 months based upon the retroactive reduction in the crack cocaine sentencing guidelines by the Sentencing Commission. On June 22, 2012, he filed the present pro se motion seeking a further reduction in his sentence.

In 1997, his guideline range was 292 to 365 months imprisonment and he was then sentenced to 300 months – eight months above the bottom of the range. Under the amended guidelines, his range was 235 to 293 months and his sentence was reduced to 241 months – six months above the bottom of the range, and a

sentence proportionate to the original sentence location within the original sentencing range. The defendant now requests that the court reduce his sentence to the bottom of the amended range.

Even if the court believed that a further reduction was appropriate, it does not have the legal power to grant such a reduction. *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir.) ("When the Sentencing Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision."), *cert. denied,* 130 S. Ct. 3530 (2010); *United States v. Mann,* 435 F. App'x 254, 255 (4th Cir. 2011) (unpublished) ("[Section] 3582(c) gives a district court one – and only one – opportunity to apply the retroactive amendments and modify the sentence."), *cert. denied,* 132 S. Ct. 1092 (2012).

Accordingly, it is **ORDERED** that the motion (ECF No. 118) is DENIED.


ENTER:   September 20, 2012


/s/ James P. Jones
United States District Judge